Juan Pierre EDWARDS,* Petitioner,

v.

Eric H. HOLDER, Jr., U.S. Attorney General,** Respondent.

No. 08–5508–ag.

United States Court of Appeals, Second Circuit.

Sept. 22, 2009.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, Civil Division (Tony West, Assistant Attorney General & Luis E. Perez, Senior Litigation Counsel, on the brief), Washington, D.C., for Respondent.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, Circuit Judges, JANE A. RESTANI, Judge.***

### SUMMARY ORDER

Juan Pierre Edwards, a native and citizen of Jamaica, petitions for review of his

---

* The Clerk of Court is directed to amend the caption.

** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael Mukasey as respondent in this case.

*** The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

administrative removal order issued on October 10, 2008 in accordance with 8 U.S.C. § 1228(b). We assume the parties' familiarity with the underlying facts, issues on appeal, and procedural history of the case.

Petitioner argues that the Department of Homeland Services violated his procedural due process rights by failing to provide him with a list of free or low cost legal services. However, we cannot reach the merits of his claim because we can only consider a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). It is undisputed that Petitioner failed to raise this claim before the agency; in addition to refusing to accept service of his Notice of Intent to Issue a Final Administrative Removal Order, which advised him of his right to challenge the proceedings, Petitioner did not challenge the removal order or contest any of the charges against him. Therefore, we conclude that he has not exhausted his administrative remedies, and accordingly, we lack jurisdiction to consider this petition. *See Grullon v. Mukasey,* 509 F.3d 107, 112 (2d Cir.2007).

For the foregoing reasons, this petition for review is DISMISSED.